## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **KILEY THORNBURG,** | : | |
| 244 Corlington Drive | : | Case No.: 2:21-cv-3905 |
| Springfield, OH 43026 | : | |
| | : | JUDGE: |
| and | : | |
| | : | MAGISTRATE JUDGE |
| **KARCY REYMER,** | : | |
| 333 Waterford Place | : | |
| Cardington, OH 43315 | : | **Jury Demand Endorsed Hereon** |
| | : | |
| **Plaintiffs, for themselves** | : | |
| **and all others similarly situated,** | : | |
| | : | |
| v. | : | |
| | : | |
| **REFLEKTIONS, LTD.** | : | |
| c/o Incorp Services, Inc. | : | |
| 9435 Waterstone Boulevard, Suite 140 | : | |
| Cincinnati, OH 45249 | : | |
| | : | |
| **Defendant.** | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COME Plaintiffs Kiley Thornburg and Karcy Reymer (referred to collectively herein as "Named Plaintiffs" or "Plaintiffs"), on behalf of themselves and others similarly situated, and proffer this Complaint for damages against Defendant Reflektions, Ltd. ("Defendant").

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

3.     This Court has jurisdiction over Named Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant is doing and has done substantial business in the Southern District of Ohio and Named Plaintiffs performed work in and/or reside in the Southern District of Ohio.

## THE PARTIES

5.     Plaintiff Kiley Thornburg (f/k/a Cunningham) is an individual, a United States citizen, and a resident of the state of Ohio.  Plaintiff Thornburg resides in Clark County, Ohio.

6.     Plaintiff Karcy Reymer is an individual, a United States citizen, and a resident of the state of Ohio.  Plaintiff Reymer resides in Morrow County, Ohio.

7.     Defendant Reflektions, Ltd is an Ohio Limited Liability Company registered to do business in Ohio and conducting business in the Southern District of Ohio.

8.     At all times relevant herein, the Named Plaintiffs were employees of Defendant as defined by the FLSA and O.R.C. Chapter 4111.

9.     Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and each Named Plaintiff has given written consent to bring this action to collect unpaid overtime wages under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

10.     Defendant is and has been Plaintiffs' "employer" as that term is defined by the FLSA and O.R.C. Chapter 4111.

11.     At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

12.     Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00.

## FACTUAL BACKGROUND

13.     Defendant Reflektions, Ltd. is in the business of providing home healthcare services to clients. Defendant's business office is located in Delaware, Ohio.

14.     Defendants employ Direct Support Professionals who provide home healthcare services to Defendant's clients in their homes.

15.     Defendant employs approximately 25 Direct Support Professionals at any given time.

16.     Plaintiff Kiley Thornburg was employed by Defendant in the position of Direct Support Professional between approximately September 2018 and April 26, 2021.

17.     Plaintiff Karcy Reymer was employed by Defendant in the position of Direct Support Professional between approximately March 2015 and November 2019.

18.     At all times relevant herein, Direct Support Professionals, including Named Plaintiffs, were paid on an hourly basis.

19.     Direct Support Professionals are not exempt from the overtime mandates of the FLSA and Ohio law.

20.     Named Plaintiffs and the Direct Support Professionals consistently worked more than 40 hours in a workweek during the three years prior to filing this Complaint.

21.     At all times relevant herein, Named Plaintiffs and the Direct Support Professionals were not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

22.     Direct Support Professionals worked both "awake shifts" and "sleep shifts" at Defendant's clients' homes.

23.     Direct Support Professionals were paid one hourly rate for the time spent working the awake shifts.  Sleep shifts were paid at a different hourly rate.

24.     Direct Support Professionals, including Named Plaintiffs, were only paid overtime compensation at time and one-half their regular "awake shift" pay rate if they worked more than 40 "awake shift" hours in a workweek.

25.     Direct Support Professionals, including Named Plaintiffs, were only paid overtime compensation at time and one-half their regular "sleep shift" pay rate if they worked more than 40 "sleep shift" hours in a workweek.

26.     Thus, Defendant did not compensate Direct Support Professionals, including Named Plaintiffs, time and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek.

27.     For example, when Direct Support Professionals worked 40 hours of awake shift, and 40 hours of sleep shift in a single workweek (for a total of 80 hours of work), they did not receive any overtime pay.

28.     Defendant failed to pay its Direct Support Professionals, including Named Plaintiffs, a weighted average hourly rate for weeks in which they worked more than 40 hours in a week at the two different pay rates.  As a result, Direct Support Professionals' regular rate of pay for purposes of calculating overtime payment was less than what was required by law.

29.     Defendant refused to pay Direct Support Professionals, including Named Plaintiffs in accordance with the law.

<u>**COUNT I**</u>
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. -**
**Failure to Pay Overtime**

30.     All of the preceding paragraphs are realleged as if fully rewritten herein.

31.     Named Plaintiffs brings their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes the following subclasses:

> **All current and former Direct Service Professionals employed by Defendants during the three (3) years prior to the date of filing this Complaint through the date of conditional certification, who were paid on an hourly basis and worked more than 40 total hours in any workweek through a combination of awake and sleep shifts. (hereinafter referred to as "FLSA Class").**

32.     Defendants subjected Named Plaintiffs and the FLSA Class Members to the same pay policies and procedures by failing to pay them overtime at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 during a workweek.

33.     This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.  Named Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

34.     These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

35.     In addition to the Named Plaintiffs, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendant's company-wide refusal to pay

properly pay overtime compensation and/or refusal to correctly calculate overtime compensation owed.

36.    Named Plaintiffs and the SSPs were paid on an hourly basis.

37.    Named Plaintiffs and the SSPs were non-exempt employees.

38.    Named Plaintiffs and the SSPs frequently worked more than 40 hours per week.

39.    Named Plaintiffs and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

40.    Defendant was aware that Named Plaintiffs and the SSPs regularly worked more than 40 hours per workweek, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

41.    Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether they were required to pay Named Plaintiffs and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

42.    Accordingly, Named Plaintiffs and the SSPs were forced to work more than 40 hours per week without proper overtime compensation.  As a result, Plaintiffs and the SSPs have been damaged.

### COUNT II
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

43.    All of the preceding paragraphs are realleged as if fully rewritten herein.

44.    Named Plaintiffs bring this Ohio Minimum Fair Wage Standards Act ("MFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following "Class":

> **All current and former Direct Service Professionals employed by Defendants during the two (2) years prior to the date of filing this**

**Complaint through the date of class certification, who were paid on an hourly basis and worked more than 40 total hours in any workweek through a combination of awake and sleep shifts. (hereinafter referred to as "Rule 23 Class").**

45.     Defendants subjected Named Plaintiffs and the Rule 23 Class Members to the same pay policies and procedures by failing to pay them overtime at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 during a workweek.

46.     The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. The Rule 23 Class consists of more than 40 current and former employees.

47.     Named Plaintiffs are members of the Rule 23 Class and their claim for unpaid overtime wages is typical of the claims of other members of the Class.

48.     Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

49.     Named Plaintiffs have no interest antagonistic to or in conflict with interests of the Class that they are undertaking to represent.

50.     Named Plaintiffs have retained competent and experienced class action counsel whom can ably represent the interests of the Rule 23 Class.

51.     Questions of law and fact are common to the class, including:

    a.  Whether Defendant violated the OMFWSA by failing to compensate, at the proper overtime premium, its Direct Support Professionals for all hours worked in a workweek in excess of 40.

    b.  Whether Defendant established its payroll policy, knowing the policy violated the law and failed to properly compensate Direct Support Professionals for all hours worked in a workweek in excess of 40 at an overtime premium;

7

    c.   Whether Defendant's violations were knowing and willful;

    d.   What amount of unpaid overtime compensation is owed to Named Plaintiffs and the other members of the Rule 23 Class as a result of Defendant's violation of the OMFWSA; and

    e.   What amount of prejudgment interest is due to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

52.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its unpaid employees.

53.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Rule 23 Class as a whole.

54.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

55.    A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court.  Named Plaintiffs and their counsel are not aware of any pending litigation on behalf of any the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim.  Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible

standards of conduct for Defendant with respect to their unpaid employees. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

56.     For Defendant's violation of O.R.C. 4111, Named Plaintiffs are entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, attorneys' fees and costs, and all other remedies available under Ohio law.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs are entitled to and pray for the following relief:

A.  As to Count I, certification as a collective action to all SSPs and appointment of Named Plaintiffs and their counsel to represent the FLSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Named Plaintiffs and all other members of the FLSA Class the total amount of damages to which Named Plaintiffs and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B.  As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Named Plaintiffs as the Rule 23 Class Representatives, enter an order directing Defendant to pay into a common fund for the benefit of Named Plaintiffs and all other members of the Rule 23 Class the total amount of damages to which Named Plaintiffs and the Rule 23 Class are entitled, including unpaid wages, unpaid overtime, liquidated damages,

pre-judgment and post-judgment interest, costs of the litigation and administration

of the common fund, and attorneys' fees, injunctive relief for Defendant to cease

violations of the Ohio Minimum Fair Wage Standards Act, and such other or

additional relief deemed appropriate by the Court.

C.  Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Kyle T. Anderson (0097806)
(Kyle@MansellLawLLC.com
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiffs*

## **JURY DEMAND**

Plaintiffs hereby requests a jury of at least eight (8) person

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)