IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KILEY THORNBURG,** *et al.*, | : |
| | : |
| vs. | : Civil Action No. 2:21-cv-3905 |
| | : |
| **REFLEKTIONS, LTD.,** | : Judge Watson |
| | : |
| Defendant. | : Magistrate Judge Deavers |
| | : |
| | : |
| | : |

### [PROPOSED] OPINION AND ORDER

Named Plaintiffs Kiley Thornburg, Karcy Reymer, and Stephanie Dura brought the above-captioned action against Reflektions, Ltd. ("Defendant") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws as a collective and class action. Compl., ECF No. 1. Named Plaintiffs allege that Defendant violated the FLSA by failing to pay certain employees their overtime wages. Specifically, Plaintiffs allege that hourly-paid Direct Support Professionals who worked more than 40 hours in a workweek through a combination of sleep and awake shifts did not receive the proper overtime premium. Defendant denies these allegations and asserts that it properly paid its employees. The Parties participated in mediation, have settled Plaintiffs' claims, and now move for approval of their settlement agreement on a collective basis. Joint Mot., ECF No. \_\_\_\_.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs.,* LLC, No. 1:07-cv-430, 2011 WL 2532922, at \*2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution

of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); see also *Vigna v. Emery Fed. Credit Union,* No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiffs' likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.,* No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case, as the Parties dispute whether, and the extent to which, hourly Direct Support Professionals are entitled to unpaid overtime. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals.

Plaintiffs' counsel analyzed Defendant's payroll and scheduling information to perform a damages analysis. The settlement payments will be distributed based upon a two-year statute of

limitations period, depending on the number of weeks each Claimant worked. While the individual payments cannot be determined until the opt-in window closes, Counsel for Plaintiffs believes that Named Plaintiffs and Claimants who opt into this lawsuit are unlikely to receive less than 100% wages alleged to be owed during the relevant timeframe.

Named Plaintiffs Thornburg, Reymer, and Dura will each receive a Service Award in addition to their individual payments. Combined, these service awards total $12,500. All of these payments are reasonable. See *Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021); *Hadix v. Johnson*, 322 F.3d 895,897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorneys' fees in the amount of Seventy-Five Thousand Dollars ($75,000.00) represent one-third of the total settlement amount and are reasonable. See *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Morse v. NT/ Services, Corp.*, Case No. 2:20-cv-02173, 2021 WL 4350485 at *2 (S.D. Ohio September 17, 2021) (finding attorney fees award that represents one-third of the total settlement amount are reasonable); *Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv- 2610, 2021 WL.3662466 at *6 (S.D. Ohio August 18, 2021) (in finding a one-third attorney fees request to be reasonable, the Court noted, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount). It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs, including the costs of settlement administration.

Accordingly, the parties' joint motion, ECF No. \_\_\_ is **APPROVED,** and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce

the terms of the Settlement, including the administration of the settlement and the distribution process.

**IT IS SO ORDERED**.

_____
**MICHAEL H. WATSON**
**UNITED STATES DISTRICT JUDGE**