UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Kiley Thornburg, *et al.*, | |
| Plaintiffs, | Case No. 2:21-cv-3905 |
| v. | Judge Michael H. Watson |
| Reflektions, Ltd., | Magistrate Judge Deavers |
| Defendant. | |

## OPINION AND ORDER

Kiley Thornburg, Karcy Reymer, and Stephanie Dura ("Representative Plaintiffs") brought the above-captioned action against Reflektions, Ltd., ("Defendant") for various relief under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Wage Standards Act. Amend. Compl., ECF No. 7. Representative Plaintiffs allege that Defendant violated the FLSA by failing to properly pay an overtime premium to employees who were paid on an hourly basis and who worked more than forty total hours in any workweek. *Id.* Defendant denies these allegations. Mot. 1, ECF No. 23.

Before the conditional certification process started, the parties agreed to stay the case to "explore the possibility of an early resolution." ECF Nos. 8, 9. The parties have settled Plaintiffs' claims and move for approval of their settlement agreement. Mot., ECF No. 23.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs,

even when they are negotiated as part of the settlement.  *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.  There is a bona fide dispute in this case as the parties dispute liability and the amount thereof.  There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel.  The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals.  Although the parties did not engage in formal discovery, the parties reviewed compensation information, including payroll data and schedules, to reasonably approximate the alleged potential damages.  Mot., ECF No. 23.

Although the parties dispute both the existence and amount of unpaid overtime, Plaintiffs' counsel declares that it is "unlikely that any Claimant who opts-in to join the lawsuit will receive less than 100% of the wages alleged owed to that Claimant."  *Id.* at 5.  Representative Plaintiffs will each receive a service award in addition to their individual payments: $7,500 to Kiley Thornburg, $2,500 to Karcy Reymer, and $2,500 to Stephanie Dura.  All of these payments are reasonable.  *See Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class

representatives and rewarding individual efforts taken on behalf of the class"). Moreover, attorneys' fees in the amount of $75,000 represent approximately one-third of the total settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv-2610, 2021 WL 3662466 at *6 (S.D. Ohio August 18, 2021) (in finding a one-third attorney fees request to be reasonable, the Court noted, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount"). It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs.

The parties' joint motion, ECF No. 23, is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce the terms of the Settlement.

**IT IS SO ORDERED**.

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**